No. 398

First Circuit

WATTS v. GREAT SOUTHERN LBR. CO.

(February 13, 1929. Opinion and Decree.)

Hall & Hall, and Brock and Carter, of Franklinton, attorneys for plaintiff, appellant.

Ott & Johnson, of Franklinton, attorneys for defendant, appellee.

LECHE, J. Plaintiff appeals from a judgment rejecting his demand for compensation, alleged to be due to him as a result of the death of his father Tom Watts, Sr., who died from an accident while in the discharge of his duties as an employee of defendant.

The two contested issues in the case, are the legitimacy of plaintiff who claims to be a son of Tom Watts, Sr., and the actual dependency of plaintiff upon the support of his alleged father.

The first of these questions may not appear to have been proved by evidence clear and certain, but even if conceded to be a fact, plaintiff has certainly failed to prove the second, that he was dependent upon the support of his alleged father.

Tom Watts, Sr., was killed while at work for the defendant, about the month of March, 1928. He had formerly lived in Mississippi where he separated from plaintiff's mother and her three children some twenty years before his death. The mother of plaintiff is said to have moved to Alabama many years ago, and the children, including plaintiff, remained in Mississippi where they lived with Van Watts, reputed to be their uncle. Tom Watts, Sr., lived in Bogalusa with another woman, Patsy Watts, with whom he took up, according to negro parlance, about the year 1908 and with whom he was living when he was killed in 1928.

The plaintiff appears to be partially paralyzed; to what extent he is paralyzed and how long he has been in that condition, it is nearly impossible to say, for the testimony is vague and evasive and we may even say delusive. The plaintiff and his uncle Ross Watts who seems to have worked up the case with the assistance of two other negroes named King and Bamber, two shady characters, habitual gamblers and loafers, attempted to show that plaintiff had received money, clothes and other assistance from his deceased father, but all of that testimony upon its face, is hardly worthy of credit. Evidently the trial judge did not believe it, for he held that the deceased Tom Watts, Sr., had never contributed to the support of plaintiff and that plaintiff had failed to prove dependency to any extent whatsoever.

On the other hand the testimony of witnesses of high character who investigated the whole matter on behalf of defendant, indicates that Ross Watts, who also lives in Mississippi, had lately obtained control over plaintiff, and had concocted this scheme to obtain compensation from defendant.

Plaintiff's physical condition may be deserving of sympathy, but the law is emphatic when it creates a right of action for compensation, in limiting such right to the persons mentioned in Section 8 of Act No. 20 of 1914, as amended by Sec. 1 of Act 85 of 1926, at page 117. The plaintiff not being included within the class of persons there mentioned, is not entitled to compensation, and his demand was properly rejected by the District Judge.